Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

AMMANDA SOLIZ,

    Plaintiff,

vs.

ELITE SPICES, INC.,

    Defendant.
_____/

Case No.:

**COMPLAINT AND JURY DEMAND**

COMES NOW plaintiff, through counsel, who hereby complain of defendant Elite Spices, Inc., via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff is a woman and a resident of northern Nevada.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in Washoe County, Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated August 2, 2021,  i.e., plaintiff has exhausted administrative remedies in accord with federal law. This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue which accompany this Complaint and Jury Demand and is incorporated herein.

2. Defendant, Elite Spices, Inc., is a limited liability company, corporation, partnership or some other legal entity, which employed plaintiff Soliz from approximately August 15, 2018, until February 13, 2020, in the capacity of a Production Coordinator at its facility in Sparks, Nevada.  At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year.

3. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant does substantial business in northern Nevada, e.g., it maintains a place of business in Sparks, Nevada, at which all, or almost all, acts, statements and omissions which form the basis for this lawsuit occurred.  Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

4. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343.  Jurisdiction exists because plaintiff is a woman who was subject to harassment, and subsequently retaliation "because of sex". Plaintiff was sexually harassed and the forced to resign because of defendant's hostile response to her complaints of sexual harassment, and continued sexual harassment.  Plaintiff was constructively and wrongfully discharge.  Constructive discharge is a form of retaliation, prohibited by Title VII.

First Cause of Action

(Sexual Harassment)

5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein.

6. Plaintiff was employed by defendant from approximately August 15, 2018, until February 13, 2020.  Plaintiff was subject to sexual harassment by defendant's Production

Supervisor. Defendant's Production Supervisor routinely stared at plaintiff, including at her breast and posterior, in an openly sexual manner, while making an assortment of sexually offensive statements, e.g., statements which related to the attractiveness of plaintiff's body and to the Supervisor's desire to have sexual relations with plaintiff. Such conduct occurred with sufficient frequency and over a sufficient duration to create and maintain a sexually hostile work environment, i.e., a work environment permeated with sexual hostility to the point at which plaintiff's working conditions were materially and adversely altered. A reasonable woman, similarly situated to plaintiff, could have easily experienced the work environment as permeated with sexual hostility.

7. On or about February 10, 2020, plaintiff reported the sexual harassment to defendant's Planning Supervisor, who thereupon informed plaintiff that she, the Planning Supervisor, had also experienced sexual harassment by defendant's Production Supervisor. Both women thereupon complained to defendant's Human Resources Representative, who immediately trivialized and derided the complaints by stating that sexual harassment problems were often the fault of the women who complained.

8. The next day, per plaintiff's inquiry of defendant's Human Resources Representative, plaintiff was informed by that Representative the problem was plaintiff's fault, i.e., that plaintiff had created an environment in which the Production Supervisor felt comfortable engaging in inappropriate conduct toward plaintiff.

9. Defendant failed to conduct a prompt, thorough investigation into the two complaints of sexual harassment. Defendant communicated to plaintiff that it did not intend to implement adequate remedial action, sufficient to redress past harassment and deter future harassment. In the absence of an adequate investigation and/or remedial action, defendant continued to require plaintiff to work in close proximity with the male harasser – who morphed

erotic, sex-based harassment into physically threatening body language and hostile facial expressions.

10. In response to the sexual harassment, which included physically threatening body language and hostile facial expressions, and to defendant's direct and implicit repudiation of the sexual harassment policy defendant promised plaintiff would protect her, plaintiff resigned her employment, i.e., plaintiff was constructively and wrongfully discharged.

11. Any diminution and/or deficiency in plaintiff's work performance was directly and proximately caused by harassment and hostility which is actionable per Title VII and prohibited by Title VII. Defendant is therefore estopped from relying on such as a legitimate basis for any employment related decisions.

12. As a direct and proximate result of being subject to sexual harassment, including retaliatory hostility, plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation.

13. Plaintiff has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual hostility, i.e., to be free of a hostile work environment resulting from sexual harassment, and to be free of retaliation.

## Second Cause of Action

(Retaliation)

14. Plaintiff hereby incorporates the allegations of paragraphs 1 through 13, inclusive, as though the same were fully stated herein.

15. Plaintiff was constructively and wrongfully discharged. That constructive discharge constitutes retaliation, as prohibited by Title VII.

16. As a direct and proximate result, plaintiff suffered and was injured as described

1  herein.  Further, plaintiff suffered loss of wages and benefits.

2         WHEREFORE, plaintiff requests the following relief:

3        1.  For an award of compensatory damages;

4        2.  For an award of costs and a reasonable attorney's fee;

5        3.  For an award of economic damages according to proof;

6        4.  For an award of punitive damages; and

7        5.  For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant to enforce the policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce, and which it promised plaintiff would be enforced.

      DATED this 26th day of October, 2021.

                              /s/ Mark Mausert
                              Mark Mausert
                              NV Bar No. 2398
                              Sean McDowell
                              NV Bar No. 15962
                              729 Evans Avenue
                              Reno, NV 89512
                              TELEPHONE:(775) 786-5477
                              FACSIMILE: (775) 786-9658
                              *Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

August 2, 2021 Issued Notice of Right to Sue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1